

**FILED**

FEB 2 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

TY ERIK LOPES #T-58072
Petitioner on writ of habeas corpus
MULE CREEK STATE PRISON
P.O.BOX 409020
IONE, CA 95640

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| TY ERIK LOPES,<br>  Petitioner,<br><br>v.<br><br>ROSANNE CAMPBELL, et,al.,<br>  Respondent, | 2:06-cv-1657 MCE DAD P<br><br>SEPERATE MEMORANDUM TO TRAVERSE IN SUPPORT OF GROUND SEVEN. |
|---|---|

# THE STATE BAR OF CALIFORNIA

## COMPLAINT FORM
Read reverse side before filing in this form.

Date **03-08-05**

(1) Your name and address **TY LOPES #T58072**
**Mule Creek State Prison P.O. Box 409020 Ione, Ca 95640**

(2) Telephone number: Residence _____ Work _____

(3) The name, address and telephone number of the attorney being complained about. (See note below.)
**Douglas C. Jacobsen 1181 Grand Canal Blvd. Suite 2 Stockton, Ca 95207**

(4) Have you or a member of your family complained about this attorney previously?
Yes ___, No **X**. If yes, please state to whom the previous complaint was made, its approximate date and disposition.

(5) Did you employ the attorney? Answer yes or no and, if "yes," give the approximate date you employed him or them and the amount, if any, paid to him.
**He was appointed to represent me on a limited remand order by the San Joaquin County Superior Court. (See Attached letter)**

(6) If your answer to 5 above is "no," what is your connection with the attorney? Explain briefly.
**Douglas Jacobsen helped frame me for a Murder that I know absolutely nothing about. (See attached letter)**

(7) Write out on a separate piece of paper and send with this form a statement of what the attorney did or did not do that you are complaining about. Please state the facts as you understand them. Do not include opinions or arguments. If you employed the attorney, state what you employed him to do. Sign and date such separate piece of paper. Further information may be requested. (Attach copies of pertaining documents.)

(8) If your complaint is about a law suit, answer the following, if known:
 (a) Name of court (For example, Superior Court or Municipal - in what county)
 _____
 (b) Title of the suit (For example, Smith against Jones).
 _____
 (c) Number of the suit _____
 (d) Approximate date the suit was filed _____
 (e) If you are not a party to this suit, what is your connection with it? Explain briefly.
 _____

(9) Size of law firm complained about (*):
1 Attorney **X**    2 - 10 Attorneys ___    11 + Attorneys ___    Don't know ___    Govt Attorney ___

NOTE: If you are complaining about more than one attorney, write out the information about each in answer to questions 3 through 8 above on separate sheets if necessary.

Mail to:
Office of the Chief Trial Counsel/Intake
State Bar of California
1149 South Hill Street
Los Angeles, California 90015-2299

(*) Section 6095.1 of the Business and Professions Code mandates that the State Bar compile statistics concerning the size of the attorneys law firm - solo practitioner, small law firm (2-10 attorneys) and large law firm (11 + attorneys).

Signature: **Ty Lopes**
**Wrongly Convicted.**

Rev 8/00

We have received your complaint against a California attorney and have assigned it the number shown below. We will contact you when our evaluation of your matter is complete.

Thank you for your patience.

OFFICE OF CHIEF TRIAL COUNSEL/INTAKE

Inquiry # 05-4244

BF 1030 REV 4/99

OFFICE OF CHIEF TRIAL COUNSEL/INTAKE
The State Bar of California
1149 South Hill Street
Los Angeles, CA 90015-2299

02 1A   $ 00.23⁰
0004311715   MAR 17 2005
MAILED FROM ZIP CODE 90015

Name: Jy. Lopes #T58072
Street: Mule Creek State Prison
P O Box 409020 A1 22
City: Ione    State: CA   Zip: 95640

# DOUGLAS C. JACOBSEN

ATTORNEY AT LAW

1811 GRAND CANAL BLVD., SUITE 2
STOCKTON, CALIFORNIA 95207
Telephone: (209) 952-9274
Fax:  (209) 952-9891

**ATTORNEY/CLIENT CONFIDENTIAL**

July 1, 2004

Ty Eric Lopes
CDC No. T-58072
Mule Creek State Prison, Ione
P. O. Box 409099
Ione, California 95640

RE: <u>The People of the State of California vs. Ty Eric Lopes</u>
San Joaquin County Court Case No. SP080354B

Dear Mr. Lopes:

My name is Douglas C. Jacobsen, and I am a criminal defense attorney practicing law in Stockton, California. I have been appointed by the Court here in San Joaquin County to represent you regarding an issue raised by the District Court of Appeal on the Remittitur of your appeal to this county. Specifically, the Judge failed to sentence you on the rape conviction, and has now been directed to do so by the District Court of Appeals.

I need to confer with you on this matter. I have tentatively scheduled a visit with you for July 8, 2004, at 1:30 p.m.

Sincerely,

*[signature: Douglas C. Jacobsen]*

DOUGLAS C. JACOBSEN
Attorney at Law

DCJ/MAJ

*[Handwritten annotation with arrow pointing to letter:]* When Douglas visited me on July 8, 0 he told me that he was the one who brought Hopkins forward. He also told me that he is the man who got up and walked out of the video taped interview of Hopkins

Enclosed:

Dear State Bar Chief Trial Counsel/Intake

Douglas Jacobsen was representing a inmate by the name of Marcus Hopkins back in 2001. Marcus Hopkins was brought to the attention of the San Joaquin County District attorney's office when Douglas Jacobsen brought him forward after Hopkins told him that I "confessed" raping and murdering an 18 year old woman named Renee Ramos.

Marcus Hopkins is a flat out liar and Douglas Jacobsen knew it. Douglas Jacobsen deliberately brought Hopkins forward for the sole purpose of getting Hopking off several felony charges he was facing. The prosecutor (Chuck Shultz) then lied to the Court and told the Judge that it was the Public Defenders office that brought Hopkins forward which caused a conflict of interest between me and the Deputy Public defender that was representing me. My public defender had worked for over a year and was ready to prove my innocence, but because of the sickening and horrific actions of Douglas Jacobsen and the prosecutor, I lost my attorney and was appointed a private Attorney who then represented me at my prelim and then my trial — All within 3 months. I was

wrongly convicted and sentenced to spend the rest of my life in prison. The Judge, Prosecutor and Douglas Jacobsen knew that it was not the public defenders office (my own attorney at the time) that brought Hopkins forward to "testify" against me at my prelim and trial.

Since my conviction, I have learned by Douglas Jacobsen himself that he brought Hopkins forward, yet failed to stop the lies that he knew were being perpertrated against me.

What Douglas Jacobsen allowed to occure is absolutely sickening. I was convicted shortly after my Jury asked to have Marcus Hopkins' lying testimony read back to them.

It was a private attorney (Douglas Jacobsen) that brought Hopkins forward, not the public defender. My Judge knew this all along, and ofcourse Douglas Jacobsen knew it too.

These Attorney's should be punnished to the fullest extent of the law for their deliberate and malicious actions that caused a factually Innocent man to be torn away from his family. That's ME!

## III. THE COURT VIOLATED APPELLANT'S FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL BY ADMITTING HEARSAY EVIDENCE THAT IMPLICITLY VOUCHED FOR THE CREDIBILITY OF ONE OF THE JAILHOUSE INFORMANTS.

Robert Remlinger, appellant's pre-trial attorney, testified for the defense. He had represented appellant until a conflict developed because the Public Defender's Office -- but not Remlinger personally -- represented informant Marcus Hopkins. (RT 1209.) To cast doubt on the informants' credibility, Remlinger testified he instructed appellant not to talk to anyone in jail about his case. (RT 1224-1225.) During cross-examination, the following took place:

> MR. SCHULTZ [the prosecutor]: ... isn't it common for your office to bring people forward in cases to give the prosecution evidence in from [sic] jailhouse informant --
>
> MR. WRIGHT [appellant's attorney]: Objection, your honor. That certainly goes beyond the scope of direct.
>
> MR. SCHULTZ: I asked about informants and what they do and how it works.
>
> MR. WRIGHT: I didn't ask about his office policies.
>
> THE COURT: No, but you asked about -- you went into words, questions about words that they

50

> used and how they can tell a story and things like that. I'm going to allow it.

*[handwritten margin note: "what A crock of CRAP!"]*

MR. SCHULTZ: Q. Isn't it common for your office to bring people forward to our office with information on cases?

A. I would say that that's -- I can't remember doing it personally. But I -- it does happen. There's no question about that.

. . .

Q. Did it not happen in this case?

A. That's my understanding. I didn't -- if you're referring to Mr. Hopkins, Marcus Hopkins, yes, that did happen.

MR. WRIGHT: Well, I'm going to object. Ask to strike, Your Honor. It's hearsay.

THE COURT: As far as there's no statement by Mr. Hopkins. <u>It's just the fact</u> that he came forward. I don't want to go into the conversation.

MR. SCHULTZ: Q. Did an attorney then from your office bring Mr. Hopkins' attention to my office?

A. That's my understanding. I don't actually have -- I wasn't there,

obviously, when it happened. But that's my understanding.

MR. WRIGHT: Object. Move to strike. Lack of foundation.

THE COURT: Well, what's your understanding based upon?

THE WITNESS: Conversations with an associate in my office and court proceedings.

THE COURT: It's not for truth of any statements. It's for the fact of how Mr. Hopkins was brought to your office. (RT 1230-1231.)

*[handwritten annotation: "I can't believe this crap."]*

Thus, over objections that the information was hearsay and lacking in foundation for personal knowledge, the prosecutor was allowed to elicit the information that the Pubic Defender's Office -- appellant's own counsel prior to Mr. Wright's appointment -- brought Marcus Hopkins to the District Attorney's Office to provide evidence against appellant. The court erred in allowing this testimony to be presented because it was hearsay and without foundation for personal knowledge.

Hearsay, of course, is "evidence of a statement that was made by other than a witness while testifying at the hearing and that is offered to prove the truth of the matter stated." (Evidence Code section 1200.) Unless there is an exception, it is inadmissible. (Ibid.)

Here, the court seemed to be confused by the fact that no statement from Hopkins was proferred. That does not matter. Remlinger had no personal knowledge that his office brought Hopkins to the District Attorney's



**THE STATE BAR OF CALIFORNIA**

1149 SOUTH HILL STREET, LOS ANGELES, CALIFORNIA 90015-2299

OFFICE OF THE CHIEF TRIAL COUNSEL
INTAKE

TELEPHONE: (213) 765-1000
TDD: (213) 765-1566
FAX: (213) 765-1168
http://www.calbar.ca.gov

April 15, 2005

Ty Lopes
#T58072
Mule Creek State Prison
P.O. Box 409020
Ione, CA 95640

RE:  Inquiry Number:   05-4244
     Respondent:       Douglas Jacobsen, Esq.

Dear Mr. Lopes:

We have received your complaint, on March 14, 2005, against Douglas Jacobsen, Esq. Your allegations may be grounds for a criminal appeal or a civil claim for damages but they do not form the basis for discipline. You may wish to consult with an attorney with regard to the criminal appeal or any civil remedies.

Our decision to close your complaint is not a determination that the attorney acted properly, it is only a determination that there is insufficient evidence that the attorney wilfully violated the applicable ethical rules. In the event that the court makes a finding that the attorney(s) committed misconduct, please provide that information along with <u>copies</u> of any relevant court papers and we will re-evaluate your complaint at that time.

OFFICE OF THE CHIEF TRIAL COUNSEL/INTAKE
098

Dated: January 31, 2007

Respectfully Submitted,

_____
Ty Erik Lopes (Petitioner)