EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
MICHAEL P. FARRELL
Senior Assistant Attorney General
BRIAN G. SMILEY
Supervising Deputy Attorney General
TAMI M. WARWICK, State Bar No. 183925
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-2394
 Fax: (916) 324-2960
 Email: Tami.Warwick@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TY ERIK LOPES,**<br><br>          Petitioner,<br><br>     v.<br><br>**ROSANNE CAMPBELL, et al.,**<br><br>          Respondents. | 2:06-cv-1657 MCE DAD P<br><br>**OPPOSITION TO PETITIONER'S MOTION TO OBTAIN DNA EVIDENCE** |

On May 29, 2007, Petitioner filed a Motion To Compel Respondent To Obtain, Compare Exculpatory DNA Evidence With All Persons In The National DNA Data Base. Specifically, Petitioner requests that the Court order Respondent to obtain the DNA profile that was generated from the evidence found under the victim's fingernails and compare the DNA against persons in the National DNA Database. However, Petitioner fails to show good cause for this discovery because he does not establish how such evidence will establish his innocence.

Rule 6 of the Rules Governing Section 2254 Cases provides that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil

1  Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause
2  shown grants leave to do so, but not otherwise ..." Although a judge can allow discovery for
3  good cause, the broad discovery provisions of the Federal Rules of Civil Procedure do not apply
4  in habeas proceedings. *Harris v. Nelson*, 394 U.S. 286, 295 (1968); *Bracy v. Gramley*, 520 U.S.
5  899, 904 (1997). A habeas petitioner, unlike the usual civil litigant in federal court, is not
6  entitled to discovery as a matter of ordinary course. *Bracy*, 520 U.S. at 904; *Rich v. Calderon*,
7  187 F.3d 1064, 1068 (9th Cir. 1999). There is simply no federal right, constitutional or
8  otherwise, to discovery in habeas proceedings as a general matter. *Campbell v. Blodgett*, 982
9  F.2d 1356, 1358 (9th Cir. 1993); *Rich*, 187 F.3d at 1068.
10       Habeas is an important safeguard, and the goal is to correct real and obvious wrongs.
11  It was never meant to be a fishing expedition for a habeas petitioner to explore his case in search
12  of its existence. *Rich*, 187 F.3d at 1067; *Calderon v. United States District Court*, 98 F.3d 1102,
13  1106 (9th Cir. 1996). A habeas petitioner must make specific allegations that, if developed and
14  proven, would establish a claim for relief. Conclusory allegations are not enough to warrant
15  discovery. *Jones v. Wood*, 114 F.3d 1002, 1009-1010 (9th Cir. 1997); *Calderon*, 98 F.3d at
16  1006; *see also Bracy*, 520 U.S. at 909.
17       As Petitioner references, at trial, an expert testified that a profile DNA analysis showed
18  that Petitioner was excluded as a possible donor of the DNA found in or on the fingernail
19  clippings of the victim. (Reporters' Transcript at 512-513.) The jury heard this evidence, but
20  still found Petitioner guilty. Although DNA evidence did not link Petitioner to the crimes, there
21  was eyewitness testimony and testimony from jailhouse informants that Petitioner participated in
22  the crimes. Petitioner fails to show how the DNA evidence he is requesting will establish his
23  innocence.
24
25
26
27
28

Opposition to Petitioner's Motion to Obtain DNA Evidence

2

1  For these reasons, Respondent requests this Court deny Petitioner's request.

2  Dated: June 8, 2007

3  Respectfully submitted,

4  EDMUND G. BROWN JR.
Attorney General of the State of California

5  DANE R. GILLETTE
Chief Assistant Attorney General

6  MICHAEL P. FARRELL
Senior Assistant Attorney General

7

8  BRIAN G. SMILEY
Supervising Deputy Attorney General

11  /S/ Tami M. Warwick
TAMI M. WARWICK
12  Deputy Attorney General
Attorneys for Respondent

30279598.wpd
SA2006302794

Opposition to Petitioner's Motion to Obtain DNA Evidence

3

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Lopes v. Campbell, et al.**

No.: **CIV S-06-1657 MCE DAD P**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age and older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 8, 2007, I served the attached **OPPOSITION TO PETITIONER'S MOTION TO OBTAIN DNA EVIDENCE** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Ty Erik Lopes, T-58072
Mule Creek State Prison
P.O. Box 409020
Ione, CA 95640

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 8, 2007, at Sacramento, California.

/S/ Tami M. Warwick