TY ERIK LOPES #T58072
MULE CREEK STATE PRISON
P.O. BOX 409020
IONE, CA 95640



**FILED**

JUN 1 5 2007


CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY ERIK LOPES,<br><br>                        Petitioner,<br><br>    v.<br><br>ROSANNE CAMPBELL, et al.,<br><br>                        Respondent, | 2:06-cv-1657 MCE DAD P<br><br>RESPONSE TO RESPONDENT'S OPPOSITION TO MY MOTION TO COMPEL RESPONDENT TO OBTAIN DNA EVIDENCE |

On June 8, 2007, the Respondent served me a OPPOSITION TO PETITIONER'S MOTION TO OBTAIN DNA EVIDENCE. The Respondent argues that I have "failed" to show good cause for my request and she says that I have "failed" to establish how the DNA evidence in question proves my innocence. I would respectfully submit that the Respondent's aguements are absurd.

The prosecutor himself intimated that Renee Ramos must have fought to stop her attacker from stragling her. (RT 1430:24-27) This inferred fact by the prosecutor makes good logical sense and surely establishes how the DNA evidence proves my innocence. Moreover, the court too clearly intimated that it wasn't buying Josh Burroughs' testimony and the court flat-out ruled that it wasn't "buying" Charlie Coopers testimony either. (RT 234: 15,16; 1129: 3-5)  In fact, less that 24 hours AFTER the

(1)

the prosecutor rested his case-in-chief against me the court completely agreed with my attorney when he told the judge that "there was 'NO EVIDENCE' that I was there even" at the Home Depot Store where this alleged phantom "party" occured. The judge said, "I KNOW THAT." (RT 1087: 6-19) The court even went as far as to call the prosecutions star "witness" a PERJURER! (RT 1116: 19-21) Furthermore, Detective Joe Morgon of the Manteca Police Department who was the original lead detective in charge of finding Renee's murderer and later became number two in charge, finally confessed while under oath that they "STILL DON"T" know where Renee was killed. (CT 547: 17-22) This extremely telling testimony was recorded some 15 months after Jake Silva and I were arrested.

The Respondent states in her opposition motion that the DNA Expert testified and that my jury "heard" this evidence regarding the fact that I was excluded as a possible donor of the DNA that was found under Renee Ramos' fingernails. However, the Respondent did not confirm to this court the FACT that NONE of the seven suspects, including myself and Jake Silva, was the doner of the DNA found under Renee's fingernails. (RT 512: 20-22) The Respondent also failed to mention that the DNA Experts testimony came in by way of a "stipulation" which was read to my jury in just seconds. My jury "heard" nothing of the details regarding the DNA Profile that was generated from the evidence collected from under the fingernails of Renee Ramos. Simply put, this DNA evidence was presented to my jury in an extremely hastily manner and the interest of justice screems for this DNA to be looked at much more closely than it was. Especially in light of the court's own statements and rulings, as well as the "lead detectives" startling confession as already shown above.

The Respondent's statement at line 10 on page 2 of the opposition

(2)

is a massive understatement. This case goes far beyond "real and obvious wrongs." This is a case that is built upon deliberate and maliciously fabricated lies, deception, hiding and withholding of crucial exculptory and impeaching evidence, and horrific "negligence" by the court itself! For the Respondent to say that I have "failed" to show cause for my request and that I have "failed" to establish how this DNA evidence proves my innocence, is simply dumpfounding to this <u>innocent</u> man!

   I respectfully request that this court order the Respondent to obtain the DNA Profile that was generated from the evidence that was collected from "in or on" the fingernail clippings and immediately submit it into the California and the National DNA Data Bases for comparison with all persons therein.


Respectfully Submitted,

*[signature]*

Ty E. Lopes (Petitioner)

(3)

Case Name : Lopes v. Campbell et al.

No.: 2:06-cv-1657 MCE DAD P

I declare:

I am the defendent and the petitioner in this case. I am currently housed at MULE CREEK STATE PRISON in Ione, CA. I am over the age of eighteen.

On June 13, 2007, I served the attached RESPONSE TO RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO OBTAIN DNA EVIDENCE by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the outgoing prison mailbox here at Mule Creek State Prison, addressed as follows:

TAMI M. WARWICK
Deputy Attorney General
1300 I Street, Suite 125
P.O. BOX 944255
Sacramento, CA 94244-2550


I declare under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 13, 2007 at Ione, California. I state so under the penalty of purjury.

Ty E. Lopes

Ty E. Lopes (Declarant)

Uy Lopes

Signature

(4)