IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TY ERIK LOPES,

    Petitioner,                    No. CIV S-06-1657 MCE DAD P

    vs.

ROSANNE CAMPBELL, et al.,

    Respondents.              <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 14, 2006, this court ordered respondents to file a response to the petition. On November 13, 2006, respondents filed a timely answer. On December 27, 2006, petitioner filed a traverse. This case is now submitted for decision and in due course, the court will issue its findings and recommendations. Several outstanding motions are pending before the court.

        First, petitioner has filed a motion to compel respondents to file additional transcripts that were not listed on their "Notice of Lodging Documents in Paper." Respondents have filed an opposition to the motion arguing that the transcripts are not relevant to the resolution of the petition. Nonetheless, in an abundance of caution, on May 31, 2007,

/////

1  respondents lodged the state court transcripts petitioner had requested.  Accordingly, petitioner's
2  motion to compel will be denied as moot.

3  Second, petitioner has filed a motion to compel respondents to obtain the DNA
4  profile that was generated from the evidence found under the victim's fingernails and submit it to
5  the national DNA database for comparison against all persons in that database.  In this regard,
6  petitioner contends that he is factually innocent.  Respondents have filed an opposition to the
7  motion arguing that petitioner has failed to show good cause in support of his request because he
8  has not established that such evidence will establish his innocence.  Specifically, respondents
9  note that at petitioner's trial, an expert testified that a profile DNA analysis excluded petitioner as
10 a possible donor of the DNA found in or on the fingernail clippings of the victim.  The jury heard
11 this evidence and still found petitioner guilty of the charged murder and rape.  Respondents
12 contend that although DNA evidence did not link petitioner to the crimes, there was testimony
13 from both an eyewitness and from jailhouse informants that petitioner had committed the charged
14 offense.  In reply, petitioner argues that even the prosecutor in his case intimated that the victim
15 must have fought to stop her attacker from strangling her.  Petitioner contends that the case
16 against him was built upon lies and fabricated evidence.  Accordingly, he requests that the court
17 order that the DNA comparison be conducted.

18 The parties in a habeas proceeding are not entitled to discovery as a matter of
19 course.  Bracy v. Gramley, 520 U.S. 899, 904 (1997); Bittaker v. Woodford, 331 F.3d 715, 728
20 (9th Cir.), cert. denied, 540 U.S. 1013 (2003).  Rather, "[a] party shall be entitled to invoke the
21 processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent
22 that, the judge in the exercise of his [or her] discretion and for good cause shown grants leave to
23 do so, but not otherwise."  Rule 6(a), Rules Governing § 2254 Cases.  See also Bracy, 520 U.S. at
24 904.  Good cause is shown "where specific allegations before the court show reason to believe
25 that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . .
26 entitled to relief."  Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300

1  (1969)). See also Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2004).  In order to obtain
2  discovery a petitioner need not demonstrate that he will prevail on the claim underlying the
3  discovery request.  See Bracy, 520 U.S. at 909; Pham, 400 F.3d at 743.  Finally, a request for
4  discovery "must also include any proposed interrogatories and requests for admission, and must
5  specify any requested documents." Rule 6(b).  Federal courts have "the power to 'fashion
6  appropriate modes of procedure,' including discovery, to dispose of habeas petitions 'as law and
7  justice require[.]'" Id. at 904 (citations omitted) (quoting Harris, 394 U.S. at 299-300).  See also
8  Bittaker, 331 F.3d at 728.

9        Here, the court does not find good cause for the issuance of the discovery order
10  petitioner seeks.  At most, a DNA comparison would show that petitioner was not the donor of
11  DNA found under the victim's fingernails.  However, according to respondents, that fact was
12  already established at petitioner's trial and the record before this court presumably reflects as
13  much.  Accordingly, petitioner's motion to compel DNA analysis will be denied.

14        Third, petitioner has filed a motion to compel respondents to notify the Federal
15  Bureau of Investigation (F.B.I.) that strong evidence exists that the victim in his case was
16  kidnaped prior to her death.  Petitioner contends that the victim was last seen alive on May 29,
17  2000.  He notes that a Home Depot construction worker found the victim's body seven days later.
18  Petitioner contends that a pathologist testified at trial that the victim was murdered anywhere
19  from one and one-half days to five days before her body was discovered.  Petitioner maintains
20  that the victim's earliest possible time of death would therefore be on the evening of May 31,
21  2000.  Accordingly, petitioner contends that there is strong evidence that the victim was
22  kidnaped and held for at least two full days before she was murdered.[1]

23        Petitioner has cited no authority in support of this motion.  In addition, the court
24  does not find good cause to enlist the F.B.I. in an investigation into the claims presented by

---

[1] Respondents have not filed an opposition or statement of non-opposition to this motion to compel brought by petitioner.

petitioner in these habeas proceedings.  To the extent that petitioner is able to develop facts and evidence in support of his theory, it may be presented to the court and may be considered when the claims of the pending petition are addressed on their merits.  To the extent this is request for F.B.I. involvement is a motion to conduct discovery it will be denied.

Finally, petitioner has filed an emergency request for an immediate ruling on his habeas petition in which he argues that he filed his habeas petition in 2006, he is factually innocent of the crimes for which he was convicted, and he and his family are suffering as a result of this situation.  Petitioner is advised that, from 2004 through 2007 more than 3,500 actions were filed by California prisoners with the United States District Court for the Eastern District of California seeking habeas relief.   The court is well aware of its backlog of submitted cases and is working diligently in that regard.  Petitioner is informed that as long as he keeps the court informed of any change of address, no further action on his part is necessary.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's May 4, 2007 motion to compel is denied;

2. Petitioner's May 29, 2007 motion to compel is denied;

3. Petitioner's June 19, 2007 motion to compel is denied; and

4. Petitioner's August 3, 2007 request for an immediate ruling is denied.

DATED: February 29, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lope1657.misc