IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TY ERIK LOPES,

      Petitioner,                        No. CIV S-06-1657 MCE DAD P

    vs.

ROSANNE CAMPBELL, et al.,

      Respondents.              ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 14, 2006, this court ordered respondents to file a response to the petition. On November 13, 2006, respondents filed a timely answer. On December 27, 2006, petitioner filed a traverse. This case is now submitted for decision and in due course, the court will issue its findings and recommendations.

        Pending before the court is plaintiff's motion to compel filed August 11, 2008. Therein, petitioner seeks a court order requiring respondents to obtain the three necklaces that victim Renee Ramos was wearing at the time she was murdered and conduct a DNA analysis of them. Petitioner contends that Renee Ramos was strangled by the three necklaces, but they were not submitted for DNA testing. Respondents have not filed an opposition or a statement of non-opposition to petitioner's motion to compel.

As the court previously advised petitioner, the parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997); Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir.), cert. denied, 540 U.S. 1013 (2003). Rather, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his [or her] discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a), Rules Governing § 2254 Cases. See also Bracy, 520 U.S. at 904. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). See also Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2004). In order to obtain discovery a petitioner need not demonstrate that he will prevail on the claim underlying the discovery request. See Bracy, 520 U.S. at 909; Pham, 400 F.3d at 743. Finally, a request for discovery "must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b). Federal courts have "the power to 'fashion appropriate modes of procedure,' including discovery, to dispose of habeas petitions 'as law and justice require[.]'" Id. at 904 (citations omitted) (quoting Harris, 394 U.S. at 299-300). See also Bittaker, 331 F.3d at 728.

As was the case with respect to petitioner's previous motion to compel, the court once again does not find good cause for the issuance of the discovery order petitioner seeks. In petitioner's previous motion to compel, he sought to compel respondents to obtain the DNA profile generated from the evidence found under the victim's fingernails. The court denied petitioner's motion because, at petitioner's trial, an expert testified that a profile DNA analysis excluded petitioner as a possible donor of the DNA found in or on the fingernail clippings of the victim. The jury heard this evidence and still found petitioner guilty of the charged murder and rape. Although DNA evidence did not link petitioner to the crimes, there was testimony from both an eyewitness and from jailhouse informants implicating petitioner of the charged offenses.

1  Again, at most, a profile DNA analysis of the victim's necklaces would exclude petitioner as a possible donor of the DNA found there.  That would not alter the fact that the jury found petitioner guilty of the charged murder and rape based on testimony from an eyewitness and jailhouse informants even though they were informed that DNA analysis excluded petitioner as a possible donor of DNA found on the victim's fingernails.  Nor would it undermine the jury's verdict under these circumstances.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to compel (Doc. No. 46), filed August 11, 2008,  is denied.

DATED: October 23, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lope1657.mtc