TY ERIK LOPES #T58072
MULE CREEK STATE PRISON
P.O. BOX 409020
IONE, CA 95640



**FILED**

JAN 2 3 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY ERIK LOPES,<br>                    Petitioner,<br>V.<br>ROSANNE CAMPBELL, et,al.,<br>                    Respondent's, | CASE NO.:<br>2:06-cv-1657 MCE DAD P.<br>AMENDMENT TO PETITIONERS REPLY TO RESPONDENTS ARGUMENT IN THE ANSWER, GROUND 1 |

I.

**PETITIONER WAS ILLEGALLY CHARGED IN THE INFORMATION
WITH RAPE AND SPECIAL CIRCUMSTANCE FOLLOWING
HIS PRELIMANARY HEARING WHICH DID VIOLATE HIS
UNITED STATES CONSTITUTIONAL RIGHTS TO DUE PROCESS
OF LAW AND A FAIR TRIAL \***

The Respondent has based her argument on the Superior Court's Order (Reason) on habeas review which states: "The Magistrates ruling only considered whether sufficient evidence supported probable cause on the charges and did not preclude the re-filing of the rape and the special circumstance enhancement because the Magistrate did not make factual findings." Petitioner submits that that is completely false!

---

\* The Respondent has merged grounds 1 and 2 of petitioners habeas corpus petition together in the Answer even though petitioner argued them seperately. Petitioner will continue to argue them seperately.

(1)

The Respondent also mentioned that "at the end of the preliminary hearing, the Magistrate advised that a finding in a preliminary hearing is not the same as reasonable doubt, and that the court is required to find sufficient cause, which is probable cause. Petitioner submits that the Magistrate was simply advising everyone in the audience that the standard by which he was ruling was not the same as at trial. (CT 845:12-15) The Respondent also insinuates that the Magistrates factual findings as to the rape and the special circumstance charges were not "express" factual findings.

After the last witness testified at the preliminary hearing and after all argument was completely finished, the Magistrate asked the prosecutor this pointed question: **"As to Mr. Lopes and the finding of special circumstance, what evidence are you relying on for that?"** (CT 843:2-4) The prosecutor answered this way: **"Well, I'm relying on his admissions to Mr. Hopkins under --Mr. Hopkins where he was saying he held her down, was there, clean cleand up afterwords. If nothing else, he may be an acessory."** (CT 843:5-9) The prosecutor finished his answer by asking the Magistrate to hold petitioner to answer **"either as an acessory or a direct participant"** to the allegaed rape. (CT 843:23, 24) Petitioner submist that either one or the other was, in fact, essential for the prosecutor. However, the Magistrate found petitioner to be neither!

When the matter came back onto the record after a short recess, the first statement the Magistrate made was this: **"I do appreciate everyone's patience, and I'm going to be reading from some notes because I don't want to leave somethig out."** (CT 844:3-5) Petitioner submits that the Magistrates factual findings were "express" factual findings! Petitioner submits that, because the Magistrates findings were based soly on what the Magistrate believed the evidence showed, the credibility of the witnesses is not an issue here. Petitioner was held to answer on the murder charge in count 1 of the complaint after his prelimanary hearing. However, the

(2)

Magistrate ruled that there was not sufficient evidence to hold him to answer to the special circumstance charge—also in count 1 of the complaint. The Magistrate then went right to a finding as to the rape charge in count 2. Referring to only the special circumstance charge in count 1 of the complaint and then referring to the rape charge in count 2, the Magistrate ruled this way: "As to count 2, 'further I find' that Mr. -- that there will be a 'finding' on a 261(a)(2) as far as the rape is concerned but 'only' as an accessory 'after the fact,' being-- the fact being that 'I believe' that he assisted in the disposal of the body after the rape occured, which would make him liable under Penal Code Section 32. 'I do not believe' that that will make him liable under special circumstances on [Penal Code Section] 190.2(a). In other words, he's an accessory [after the fact] to [Penal Code Section] 261(a)(2), and 'I make a finding to that effect.' That will be the courts order." (CT 846:7-24) Then, just seconds later the Magistrate realized that defense counsel for petitioner did not ask for a further factual finding as to how the Magistrate arrived at his ruling that petitioner **'only'** helped in disposing of the body after the alleged rape occured. The Magistrate then took it upon himself, voluntarily offering a further factual finding. The Magistrate ruled: "If you want -- I'm just going to tell you 'factually' -- I didn't feel that there was sufficient evidence to directly involve [Ty Lopes] in the actual act of rape. And that's as far as I'm going to go. 'But' I do feel that his actions (disposing of the body) 'after Jake Silva committed these offenses' makes [Ty Lopes] liable as an accessory [after the fact]." (CT 847:1-7) Petitioner submits that when the Magistrate expressly found, based on what he believed the evidence showed, that petitioner was **"only"** an accessory after the fact to what another person allegedly did, then that barred the prosecutor from even refiling the rape and the special circumstance charges in the information against petitioner in the first place because the Magistrates express factual

(3)

findings were, in fact, inimical to to those charges. Petitioner submits that for the Respondent to state that no factual findings were made, is absolutely false! For the Superior Court on habeas review to do the same, petitioner submits is nothing short of a gross misrepresentation of the clear facts of the word for word record! Petitioner also submits that the Respondents assertion that this court should dismiss petitioners claim here because he "does not cite any federal cases establishing a federal constitutional violation when criminal charges are re-filed after a judge determined there was insufficient evidence for probable cause on a charge," is meritless! The Respondent herself stated in the Answer that state courts findings are "dressed in a presumption of correctness" and petitioner submits that, regardless of how wrong it was to hold petitioner or Jake Silva to answer for anything in this matter, it was illegal for the prosecutor to blatantly ignore California and Federal Law by refiling the rape and the special circumstance charges in the information against petitioner following his preliminary hearing! (28 U.S.C. §2254(d)(2)) Indeed, **an information may charge only an offense found by the Magistrate to have occured and named in the order of committment or an offense shown by the evidence to have occured that arrose out of the transaction that was the basis for the committment on the related offense. (Compare Martineau V. Angelone (9th Cir.1994) 25 F 3d 734)** Petitioner also submits that findings of fact are binding under Penal Code Section 739. As also brought out in petitioners petition, petitioner strongly asserts that the Magistrate ignored the prosecutors disregard of the law. Instead, the Magistrate left it up to petitioners court appointed counsel to stop the prosecutor. Petitioner submits that his counsel horribly failed him! Petitioner also submits that his counsel failed to disclose that he was dying from a "brain tumor" and did, in fact, die shortly after petitioner was wrongly convicted. Petitioner respectfully requests an evidentiary hearing.

Finally, petitioner submits that the Respondents assertion in a footnote on page 9 of the Answer, is erroneous. Petitioner submits that the Double Jepardy Clause of the United States of America does, or should provide full relief for a petitioner in a habeas corpus action who has made a claim that charges were illegally filed in an information following a Magistrates inimical findings as to such charges following a prelimanary hearing. The Magistrate in this case expressly factually found petitioner to be "only as an accessory <u>after the fact</u>" to the alleged rape charge filed in count 2 of the complaint which findings automatically negated the special circumstance enhancement that was filed in count 1. Petitioner submits that the Magistrate was totally correct when he ruled: **"I do not believe that that will make [Ty Lopes] liable under special circumstances on [Penal Code Section] 190.2(a)."** (CT 846: 21, 22)

Petitioner respectfully requests that this court vacate his convictions as to the rape and the special circumstance enhancement and order that these two charges will never be allowed to be charges against petitioner ever again. Petitioner also asks this court to reverse his murder conviction due to the massive prejudice petitioner suffered because of the legal errors discussed above. Petitioner submits that the prosecutors entire theory as to why Renee Ramos was murdered was centered around sex and avoiding detection of rape. However, petitioner submits that his Trial Judge, who was, in fact, his Magistrate Judge as well, made himself very clear when he ruled: **"No, I'm not buying that one."** (RT 1129:3-5) [2]

Petitioner, again, thanks the court for its consideration of his improvements to his pending Traverse.

DATED: 1/21/2009

_____
Signature of Petitioner

---

[2] Petitioner asks this court to read ground 3 of his habeas corpus petition. There, under the proof beyond a reasonable doubt standard the judge ruled on petitioners 1118.1 motion that "the evidence is insufficient to establish the commission of the crime (rape) specifically charged in the accusatory pleading."

(5)

PROOF OF SERVICE

CASE NO.: 2:06-cv-1657 MCD DAD P

CASE NAME: LOPES V. CAMPBELL, et,al.,
(HABEAS CORPUS)

**I declare:**

I am the defendant and the petitioner in this case. I am over the age of eighteen and I am currently housed at Mule Creek State Prison in Ione, California.

On January 21/2009, I served the attached AMENDMENT TO PETITIONERS REPLY TO RESPONDENTS ARGUMENT IN THE ANSWER, GROUND 1, by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the outgoing prison mailbox here at Mule Creek State Prison, addressed as follows:

Tami M. Warwick
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

I declare under the laws of the State of California and under the penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 21/2009, at Ione, California.

Ty Lopes
Ty Lopes (Declarant)

Signature (In Pro se)

(6)