**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TY ERIK LOPES,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>ROSANNE CAMPBELL, Warden and ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>        Respondents - Appellees. | No. 09-15769<br><br>D.C. No. 2:06-cv-01657-MCE-CHS<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted November 3, 2010
Stanford, California

Before: THOMAS and IKUTA, Circuit Judges, and RESTANI, Judge.**

None of Lopes's numerous claims to this court warrants habeas relief under

28 U.S.C. § 2254. His claims that the prosecutor illegally re-filed the rape and

---

      * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      ** The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

special circumstance charges and the trial court erroneously denied motions under California Penal Code § 995 and § 1118.1 are not properly before us because they were never certified for appeal.  *See* 28 U.S.C. § 2253(c)(1); *Mendez v. Knowles*, 556 F.3d 757, 770–71 (9th Cir. 2009).  Furthermore, these are state law claims that are not cognizable on federal habeas review.  *See* § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Lopes's prosecutorial misconduct claim in relation to the testimony of Officer Erb also does not support habeas relief because Lopes never exhausted the claim by presenting it to a state court.  *See* § 2254(b)(1); *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009).  We also deny this claim on the merits. *See* § 2254(b)(2).  Because Lopes presents no evidence that Officer Erb's testimony was false or that the prosecutor knew or should have known it was false, *see Napue v. Illinois*, 360 U.S. 264, 265 (1959); *Schad v. Ryan*, 606 F.3d 1022, 1037 (9th Cir. 2010), it is "perfectly clear" that Lopes does not "raise even a colorable federal [due process] claim," *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

Lopes's remaining claims are meritless.  Because a rational jury could have found Josh Burroughs's statements to the police more credible than his later retractions of those statements, the state court's denial of Lopes's sufficiency of the evidence claim was neither contrary to nor an unreasonable application of *Jackson*

*v. Virginia*, 443 U.S. 307 (1979). *See* § 2254(d)(1). The state court's denial of Lopes's claim under *Brady v. Maryland*, 373 U.S. 83 (1963), was likewise not objectively unreasonable because a *Brady* violation requires a showing of "material[ity]," *id.* at 87, which means "a reasonable probability" that the suppression of the evidence affected the outcome of the trial, *Strickler v. Greene*, 527 U.S. 263, 281 (1999). Rather than demonstrating how the prosecutor's suppression of the fact that Burroughs recanted his incriminating statements affected the outcome of his trial, Lopes admits that he learned of this impeachment evidence at his preliminary hearing, approximately three months prior to trial, and does not deny that he was able to use the information at trial.

Lopes's arguments that the state court erred in rejecting his claims of ineffective assistance of trial and appellate counsel also lack merit. To the extent those claims were based on counsels' failure to pursue state remedies, we are bound by the state court's determination that relief was not warranted under state law and thus that Lopes could not show prejudice from the failure. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). With regard to Lopes's claim that his trial counsel should have obtained discovery on the burglary charges pending against him in another case, the state court's decision that Lopes's speculation as to the importance of that discovery failed to demonstrate "a reasonable probability that,

3

but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland v. Washington*, 466 U.S. 668, 694 (1984), was not an unreasonable application of *Strickland*. *See* § 2254(d)(1).

Lopes's claims of evidentiary and instructional error also do not warrant habeas relief. In light of the fact that the Supreme Court has never recognized a due process right to exclude propensity evidence at trial, *see Estelle*, 502 U.S. at 75 n.5, and because the admission of such evidence does not violate general principles of due process, *see Mejia v. Garcia*, 534 F.3d 1036, 1046–47 (9th Cir. 2008) (citing *Loper v. Beto*, 405 U.S. 473 (1972)), the state court's denial of Lopes's due process claim regarding the propensity evidence testimony of Jesse Howlin was not objectively unreasonable. The state court's rejection of Lopes's due process claim regarding the hearsay testimony of Robert Remlinger was also not objectively unreasonable, because the testimony went only to a collateral matter and an evidentiary error can rise to the level of a due process violation only where it "render[s] the trial fundamentally unfair." *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1466 (9th Cir. 1986). Finally, because the trial court gave standard jury instructions regarding witness credibility, it was not objectively unreasonable for the state court to conclude that the trial court's refusal to give Lopes's requested perjury instruction "so infected the entire trial that the resulting conviction violates

due process." *Estelle*, 502 U.S. at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)) (internal quotation mark omitted).

Because ineffective assistance of habeas counsel is not a basis for relief on habeas review, *see* § 2254(i), and Lopes's *pro se* informal brief raised no meritorious arguments, Lopes's "Motion Claiming Ineffective Assistance of Appellate Counsel" is denied.

**AFFIRMED.**